Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.

---

HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* ROSADO ET AL.,
DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Aguadilla in an Action of Unlawful Detainer.

No. 1168.—Decided April 22, 1915.

AFFIDAVITS.—Both municipal judges and justices of the peace are authorized to administer affidavits, according to section 4 of the Act establishing a registry of affidavits, which is left in force by Act No. 13 of March 9, 1910, when such affidavits refer to matters of public interest.

ID.—When an affidavit is to be used in a judicial proceeding it is of public interest.

ID.—The chief object of an affidavit is for court purposes.

SUMMONS—DEFECTIVE SERVICE—JURISDICTION—JUDGMENT.—If the service of a summons is so defective that the court does not acquire jurisdiction over the person of the defendant because the return does not contain what the law requires for that purpose, then the judgment rendered without jurisdiction is null and void and the facts subsequently adduced to correct the service are immaterial.

UNLAWFUL DETAINER—SUMMONS—SUBSTITUTED SERVICE—JURISDICTION—INFERENCE.—Section 5 of the Unlawful Detainer Act provides that when service is not made on the defendant personally the return must show that it was

made on the person in charge of the property in his name and in what man-
ner he was so in charge, in order that the court may acquire jurisdiction;
and the statement that such person lived at the same place as the defend-
ant is not sufficient to justify the inference that he was in charge of the
property in the name of the defendant.

ID.—TRIAL OF TITLE.—An action of unlawful detainer cannot prosper when a
question of title to the property is raised.

ID.—SETTING ASIDE JUDGMENT—DISCRETION OF COURT.—When a court, conform-
able to section 140 of the Code of Civil Procedure, sets aside a judgment
by default in order to give a defendant an opportunity to show that he has
some title which may defeat the action of unlawful detainer, it commits
no abuse of discretion, especially when the judgment is null and void as to
the other defendant.

ID.—JUDGMENT—JURISDICTION.—Although a judgment in an action of unlawful
detainer does not prevent the litigation of the ownership of the same prop-
erty in another action, nevertheless a judgment which is null and void for
lack of jurisdiction over the person of the defendant should not be allowed
to stand when the judgment of unlawful detainer also changes the possession
of the property.

The facts are stated in the opinion.

*Mr. José de Diego* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Pedro Hernández Villanueva brought an action of unlaw-
ful detainer in tenancy at sufferance in the District Court of
Aguadilla against Pablo Rosado Vargas and Rufina Gonzá-
lez Vélez, praying for their eviction from a property of eight
*cuerdas* of land situated in the ward of Coto of Isabela of
which he is the owner, and the defendants not having ap-
peared at the preliminary hearing prescribed by law in this
class of actions, the court rendered judgment for the plain-
tiff ordering the eviction of the defendants.

Two months after the judgment had been executed against
Rufina González only, Pablo Rosado not having been found
on the property, both defendants filed a motion praying the
court to set aside the judgment in the proceeding. The mo-
tion of Pablo Rosado was based on the ground that the court
had not acquired jurisdiction over his person, because it was
not shown in the marshal's return on the summons that Ru-
fina González, on whom substituted service was made in his

absence, was the person in charge of the property, and further, because judgment had been rendered without any title of ownership having been exhibited by the plaintiff and only on the warning contained in the summons. Rufina González on her part moved the court that in view of the facts set up in an affidavit accompanying the motion it exercise the discretional power conferred upon it by section 140 of the Code of Civil Procedure and set aside the judgment rendered as well as its execution. The said affidavit was sworn to by Rufina González before Augusto Suárez, Justice of the Peace of Isabela, and avers that she is a *feme sole* and for more than thirteen years has lived in concubinage with Pablo Rosado, by whom she has had several children; that an action of unlawful detainer has been brought against both to evict them from a property on which she lives with her children; that she does not know how to read or write and, therefore, could not understand the papers left at her house when she was summoned, and that it was not possible for her to hand them to Pablo Rosado until six days later because he works away from the property and it is his custom to come to see her and her children every six or eight days; that the property upon which the action was brought belongs to her, she having bought seven *cuerdas* of it with the aid of Pablo Rosado and inherited the remaining *cuerda* from her mother; that one year has not elapsed since the judgment was rendered, and that she has a good defense.

In view of these motions and after the parties had been heard the court rendered a decision holding that the service of the summons upon defendant Pablo Rosado and other proceedings, including the eviction of the defendants, particularly the judgment by default sustaining the action of unlawful detainer, were void, setting aside the said judgment and ordering the plaintiff and the defendants to appear on a specified date and that the defendants be reinstated in the possession of the property on which the said proceedings were

brought until the case should be again heard and the proper
judgment rendered.

From that decision the plaintiff took the present appeal
in which the respondents have not appeared.

The first error which the appellant attributes to the court
*a quo* consists in its having allowed the affidavit filed by
Rufina González to influence its decision when the same is
null and void because sworn to before the Justice of the Peace
of Isabela who is not authorized to administer such oaths,
according to the Act establishing a registry of affidavits exe-
cuted before notaries and other officers, approved March 12,
1908.

In the case of *Esteban López Cruz* v. *Serafín Meléndez*
decided March 9, 1915, we held that municipal judges are
empowered to administer affidavits, in conformity with sec-
tion 4 of the Act of 1908 establishing a registry of affidavits,
which is left in force by Act No. 13 of March 9, 1910, when
such affidavits refer to matters of public and not private
interests. The same is true of affidavits made before jus-
tices of the peace, and as the affidavit sworn to by Rufina
González before the Justice of the Peace of Isabela did not
refer to matters of private interest (in which case only a
notary could have administered it), as it was intended for
use in a judicial proceeding, we cannot hold that the said
affidavit is null and void. The chief object of an affidavit
is for court purposes. *Delgado* v. *The Registrar of Caguas,*
decided February 19, 1915.

The second assignment of error is that the allegations
of Pablo Rosado are not sufficient to support the judgment
appealed from; for, as it appears from the affidavit of Rufina
González that Pablo Rosado lives with her in concubinage
on the property which is the subject-matter of the action of
unlawful detainer, she was the person in charge of the said
property.

However, if the service of the summons is so defective
that the court could not acquire jurisdiction over the per-

son of defendant Pablo Rosado because the return did not contain what the law requires for that purpose, then the judgment rendered by the court without jurisdiction is null and void and the facts subsequently adduced to correct the service are immaterial.

In the return on the summons served on Pablo Rosado the marshal certified that he had personally served "Rufina González, being unable to find Pablo Rosado Vargas at his residence, which is also the residence of the said Rufina González, by handing to and leaving with the said Rufina González personally, at her residence, a copy of the said summons together with a true and exact copy of the complaint filed in the said action and referred to in the said summons."

Section 5 of the Unlawful Detainer Act provides that if the defendant cannot be found at the place of trial, or if he resides elsewhere, the summons shall be served upon the person who in his name is in any way in charge of the property at said place. Not being able to find Pablo Rosado, in this case the summons was served on Rufina González, but it was not set out that the service was made upon her because she was in charge of the property in his name, or in what manner she was in charge, which requisite it was necessary to state in the return on the summons in order that the court might know that the formalities required by law in such cases having been complied with, it had acquired jurisdiction over the person of said defendant; and the statement that she resided at the same place as Pablo Rosado is not enough to cure that defect, because this fact is not sufficient to justify the inference that she was in charge of the property in his name.

In view of these facts, we cannot hold that the lower court committed the error alleged as the second ground of appeal.

The third ground of appeal is based on an alleged error committed by the court in admitting and ruling upon a motion by Rosado which is frivolous, inasmuch as Rufina González being the sole owner of the property, according to her affi-

davit, Pablo Rosado has no interest whatever therein. Aside from the fact that Rufina González has not declared that she is the sole owner, but on the contrary deposed that she had purchased seven *cuerdas* with the aid of Pablo Rosado and he having been sued and judgment having been rendered against him, he is entitled in any event to have the judgment set aside for it was rendered without jurisdiction, and we cannot hold that his motion on such ground is frivolous.

Nor can the fourth assignment of error be sustained because as an action of unlawful detainer cannot prosper when a question of title to the property is raised, as has been held repeatedly by this court, from the moment when Rufina González swore that the property which is the subject-matter of the action of unlawful detainer belonged to her, partly through inheritance and partly by purchase with Pablo Rosado, we do not see that the lower court abused the discretional power conferred upon it by section 140 of the Code of Civil Procedure to set aside a judgment by default in giving the defendant the opportunity requested to show that she has some title which may defeat the action of unlawful detainer, the more so in this case where the judgment is clearly null and void as to the other defendant.

In view of the conclusions which we have reached on the foregoing grounds of appeal and inasmuch as the proceedings subsequent to the summons and the judgment are void, it is not necessary to consider the fifth assignment of error, which is that there was error in the trial which is annulled.

The sixth error alleged is principally that the defendants did not file affidavits of merit with their motions so that the judge might exercise the discretional powers conferred upon him by section 140 to set aside a judgment.

Pablo Rosado did not base his motion upon that section and if such affidavit be necessary as to the other defendant, we are of the opinion that the affidavit she filed was sufficient for that purpose.

The seventh and last assignment is that there was error

in setting aside a judgment which does not create a presumption of *res judicata.*

It is true that judgments in actions of unlawful detainer do not prevent the litigation of the ownership of the properties in other actions, nevertheless a judgment which is null and void for lack of jurisdiction over the person of the defendant should not be allowed to stand simply because the question of ownership can be raised later. Moreover, a judgment of unlawful detainer changes the possession of the property.

Therefore, as we can see no reason for reversing the decision appealed from it should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.